**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESUS ORTA,<br><br>*Plaintiff,*<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | **Civil Action No. 18-03230**<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

Before the Court is Jesus Orta's ("Plaintiff") request for review, ECF No. 15, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of the Administrative Law Judge's (the "ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter was previously remanded to the ALJ for an explanation of Plaintiff's ability to walk and stand for extended periods of time. For the reasons set forth in this Opinion, the Court **VACATES** and **REMANDS** this case for further proceedings.

I. **STANDARD OF REVIEW AND APPLICABLE LAW**

A. **Standard of Review**

This Court has jurisdiction to review the Commissioner of Social Security's (the "Commissioner") decision under 42 U.S.C. § 405(g).[1] The Commissioner's application of legal precepts is subject to plenary review, but his factual findings must be affirmed if they are supported by substantial evidence. Markle v. Barnhart, 324 F.3d 182, 187 (3d Cir. 2003). Substantial

---
[1] The ALJ's decision on remand is the final decision of the Commissioner because no exceptions were filed and the Appeals Council did not otherwise assume jurisdiction. 20 C.F.R. § 404.984(d); 20 C.F.R. § 416.1484(d).

evidence is "such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weigh[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the Plaintiff and corroborated by family and neighbors; and (4) the Plaintiff's educational background, work history, and present age." Holley v. Colvin, 975 F. Supp. 2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

**B. The Five-Step Disability Test**

Under the Social Security Act ("the Act"), disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). To determine whether a

claimant is disabled under the Act, the Commissioner applies a five-step test. 20 C.F.R. § 416.920. First, the Commissioner must determine whether the claimant is currently engaging in "substantial gainful activity." Id. "Substantial gainful activity" is work activity involving physical or mental activities that are "usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 416.972. If the claimant is engaged in substantial gainful activity, then he or she is not disabled and the inquiry ends. Jones, 364 F.3d at 503. Alternatively, if the Commissioner determines that the claimant is not engaged in substantial gainful activity, then the analysis proceeds to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 416.905(a). The regulations provide that a severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." Id. § 416.920(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. See id.

At the third step, the Commissioner must determine whether there is sufficient evidence to demonstrate that the claimant suffers from a cross-referenced impairment. 20 C.F.R. § 416.920(d). If so, a disability is conclusively established and the claimant is entitled to benefits. Jones, 364 F.3d at 503. If not, the Commissioner, at step four, must decide if the claimant has the "residual functional capacity" to perform his past relevant work. 20 C.F.R. § 416.920(e). If so, then the claim for benefits must be denied. Id. § 416.960(b)(3).

At the fifth step, if the claimant is unable to engage in past relevant work, the Commissioner must ask whether "work exists in significant numbers in the national economy that [the claimant] can do given [her] residual functional capacity and vocational factors." 20 C.F.R. § 416.960(c). The claimant bears the burden of establishing steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden of proof shifts to the Commissioner at step five. Id.

## II. BACKGROUND

### A. Procedural History

In March 2011, Plaintiff applied for DIB and SSI, alleging disability as of March 22, 2011. Administrative Transcript ("Tr.") at 64, 220-34, ECF No. 7. His claims were denied initially and upon reconsideration. Tr. 108-13, 117-19.

On March 26, 2012, Plaintiff requested a hearing before an ALJ. Tr. 123. The ALJ held hearings on July 22, 2013, and November 13, 2013, at which Plaintiff was represented by counsel. Tr. 26-63. The ALJ issued her decision on December 4, 2013, finding that Plaintiff was not disabled within the meaning of the Act. Tr. 7-25. The Appeals Council denied Plaintiff's request for review on June 3, 2015. Tr. 1-5.

On August 7, 2015, Plaintiff appealed the Commissioner's decision to the District Court. Tr. 549-54. By an Opinion and Order dated October 25, 2016, the Honorable Claire C. Cecchi, U.S.D.J., affirmed in part and vacated in part the ALJ's decision, and remanded the case for further proceedings. Tr. 555-68.

On remand, the ALJ held a supplemental hearing at which both Plaintiff, who was represented by counsel, and a vocational expert testified. Tr. 464-525. On November 8, 2017, the ALJ issued another decision finding that Plaintiff was not disabled within the meaning of the Act. Tr. 477-93. This appeal followed.

### B. Plaintiff's Background

Plaintiff was 42 years old on the alleged onset date. Tr. 266. He asserts disability due to a back disorder and obesity. His chronic back pain began in 2007 as a result of heavy lifting at work. Tr. 352. Plaintiff previously worked at a warehouse as a forklift operator, food selector,

4

and pick up selector, but he stopped working because he could no longer bend to pick up orders due to his condition. Tr. 57-58, 271. He lives with his wife and three children. Tr. 56-57.

In a Function Report dated November 11, 2011, Plaintiff reported that he goes outside daily, goes grocery shopping two times per week, and performs household chores and attends church three times per week. Tr. 301-08. He also noted that he can follow written and spoken instructions and had "no problem paying attention." Tr. 306.

### C. Medical History and Vocational Expert Testimony[2]

The Commissioner has summarized the medical evidence and testimony of the vocational expert in his brief. See Def. Mem., ECF No. 16, at 3-7. The Court will address this evidence only where necessary to the adjudication of Plaintiff's claim in Section III, infra.

### D. The Initial ALJ Decision

In her December 4, 2013, decision, the ALJ made the following findings: (1) Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date; (2) his back disorder and obesity were severe impairments; (3) his impairments did not meet or medically equal the severity of the Listings; (4) he had the residual functional capacity ("RFC") to perform, inter alia, the exertional demands of light work and the mental demands of simple and repetitive jobs; (5) he was unable to perform his past relevant work; and (6) there were jobs existing in significant numbers in the national economy that he could perform. Tr. 532-40. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 540. In making the RFC determination, the ALJ specifically found that Plaintiff was able to "stand/walk for 6 hours in an eight hour work day." Tr. 534.

---

[2] This is a partial summary of the medical evidence and vocational expert testimony in the record, discussing only those portions of the record relevant to this Court's determination.

### E. The District Court's Remand Order

On appeal, the District Court affirmed in part and vacated in part the initial ALJ decision, finding that: (1) the ALJ properly considered Plaintiff's obesity; and (2) the RFC assessment was supported by substantial evidence, except for the determination that Plaintiff can stand and walk for six hours in an eight-hour workday. Tr. 555-68. The District Court explained that while Dr. Seung Park and Dr. Jyosthsna Shastry, the two state agency consultants who reviewed Plaintiff's medical records, had opined that Plaintiff could stand and/or walk for six hours in an eight-hour workday, Dr. Fusman, a consultative physician who examined Plaintiff, opined that Plaintiff was limited in his ability to walk and stand for long periods of time. Tr. 567. The District Court concluded that the consultants' opinions and Dr. Fusman's opinion were inconsistent, and the ALJ "did not sufficiently explain her reason to discount Dr. Fusman's opinion." Tr. 567. While "the ALJ was free to choose to rely upon the [consultants'] opinions," the ALJ was required to "give some reason for the evidence she reject[ed]." Tr. 567 (internal citation and quotation marks omitted). In so finding, the District Court noted that the ALJ "merely cited . . . Plaintiff's daily activities . . . [h]owever, none of these activities appear to require Plaintiff to walk or stand for six hours at a time without a break." Tr. 567. As such, the District Court "remand[ed] the case to the ALJ to provide an explanation as to Plaintiff's ability to walk and stand for extended periods of time." Tr. 568.

### F. The ALJ Decision on Remand

The same ALJ made the following findings on remand: (1) Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date; (2) his lumbar spine disorder was a severe impairment; (3) he did not have an impairment or combination of impairments that meets or medically equals the severity of the Listings; (4) he had

6

the RFC to perform, inter alia, the exertional demands of light work and the mental demands of simple and repetitive jobs, and he must be given the option to sit and stand at will during the workday; (5) he was unable to perform his past relevant work; and (6) there were jobs existing in significant numbers in the national economy that he could perform. Tr. 477-87. At step two, the ALJ did not mention Plaintiff's obesity. Tr. 428-83. In her RFC analysis, the ALJ accorded "significant weight" to both Dr. Fusman's and the state consultants' opinions. Tr. 485-86. At step five, the ALJ explained that the vocational expert had identified jobs existing in significant numbers in the national economy that Plaintiff could perform. Tr. 487. These jobs would require Plaintiff to stand or walk for only one-third of the workday, or approximately two-and-two-thirds hours. Tr. 487-88.

## III. ANALYSIS

Plaintiff argues that reversal or remand is warranted for three reasons: (1) the ALJ failed to comply with the District Court's remand order; (2) the ALJ's remand decision did not include a pain evaluation; and (3) the ALJ improperly rejected the opinions of two treating physicians. Defendant maintains that the ALJ's decision is supported by substantial evidence. The Court agrees with Plaintiff as to the first assignment of error and remands this case for further proceedings.

### A. The ALJ Failed to Comply with the Remand Order

In its remand order, the District Court directed the ALJ "to provide an explanation as to Plaintiff's ability to walk and stand for extended periods of time." Tr. 568. On remand, however, while the ALJ accorded significant weight to both Dr. Fusman's and the state consultants' opinions, she did not resolve the apparent discrepancy between their opinions. As noted above, Dr. Fusman opined that Plaintiff was "limited in his ability to walk and stand for long periods."

7

Tr. 445. By contrast, the state consultants found that Plaintiff was able to stand and/or walk for approximately six hours in an eight-hour workday. Tr. 76, 95. The ALJ concluded that these opinions were "consistent with the medical record as a whole," Tr. 485-86, but did not, contrary to the District Court's remand order, provide any reason for discounting any portion of the opinions.

The Commissioner's argument that remand is not warranted because the vocational expert identified sedentary work that Plaintiff could perform is unavailing. See Def. Mem. at 10-11. At step five, the ALJ relied on the vocational expert's opinion that Plaintiff was capable of performing certain jobs that "only require[d] standing or walking for 1/3 of the work day," which "would be only 2 and 2/3 hours of the work day." Tr. 487-88; see also Tr. 516 (ALJ posing hypothetical to vocational expert based on "someone who can perform the demands of sedentary work . . . stand or walk two hours in an eight-hour day"). Before the Court can meaningfully review whether Plaintiff is able to perform these jobs, however, the opinions of Dr. Fusman and the state consultants must be reconciled. Therefore, the ALJ is directed to resolve the discrepancy between these opinions and specifically explain "Plaintiff's ability to walk and stand for extended periods of time." Tr. 568. In making the disability determination on remand, the ALJ should consider: (1) whether the fact that Dr. Fusman found Plaintiff "limited in his ability to walk and stand for long periods" precludes Plaintiff from performing the sedentary work identified by the vocational expert; and (2) Dr. Fusman's note that Plaintiff cannot walk at a reasonable pace. Tr. 445, 447; see generally K.K. on behalf of K.S. v. Comm'r of Soc. Sec., No. 17-2309, 2018 WL 1509091, at *7 (D.N.J. Mar. 27, 2018) (remanding for further proceedings after ALJ failed to comply with district court's prior remand instructions).

8

**B. The ALJ Properly Considered Plaintiff's Subjective Complaints of Pain**

Plaintiff asserts, in conclusory fashion, that the ALJ failed to consider his subjective complaints of pain and reconcile those complaints with the medical evidence in the record. This argument, however, is belied by the ALJ's repeated references to both Plaintiff's hearing testimony and Function Report regarding his back pain. Tr. 484. Indeed, after considering Plaintiff's reported pain, the ALJ explained that based on her review of the medical evidence, "although [Plaintiff] has received treatment for his physical impairment, his overall condition is not of a disabling character." Tr. 484. The ALJ specifically found that some of Plaintiff's complaints were contradicted by the medical record. As just one example, the ALJ noted that while Plaintiff testified his pain was worse on his left leg, Dr. Fusman found on physical examination that Plaintiff's pain was worse on his right leg. See Tr. 445, 484. The Court finds that the ALJ's evaluation of Plaintiff's subjective complaints of pain was supported by substantial evidence, particularly because some of Plaintiff's complaints conflicted with the medical evidence in the record.[3]

**C. The ALJ's Assessment of Dr. Szenkiel's and Dr. Khan's Opinions Is Supported by Substantial Evidence**

As to Plaintiff's arguments regarding the opinions of treating physicians Dr. Grace Szenkiel, M.D., and Dr. Dewan S. Khan, M.D., the Court finds that the ALJ's assessment of these opinions is supported by substantial evidence. With respect to Dr. Szenkiel, Plaintiff appears to take issue only with the doctor's 2012 opinion. See Pl. Mem. at 29, ECF No. 15; see also Tr. 486. According to Plaintiff, Dr. Szenkiel's opinion was improperly rejected because it is consistent with Dr. Fusman's opinion. This argument is without merit.

---

[3] In addition, and as Defendant correctly points out, Plaintiff has not identified what additional limitations were warranted as a result of his subjective complaints that the ALJ did not already include in the RFC.

9

In its remand order, the District Court already affirmed the ALJ's evaluation of Dr. Szenkiel's 2012 opinion because it "was supported by substantial evidence." Tr. 567. Moreover, as the ALJ made clear in her opinion, Dr. Szenkiel's opinions were accorded partial weight because they were "not fully consistent with her <u>own</u> treatment notes," not, as Plaintiff suggests, for being inconsistent with other evidence in the record. Tr. 486 (emphasis added). As such, the ALJ's assessment of Dr. Szenkiel's opinions was proper.

Finally, with respect to Dr. Khan, the ALJ's finding that Dr. Khan's opinion is entitled to only partial weight is supported by substantial evidence because, as the ALJ noted, the opinion lacks a "specific assessment of [Plaintiff's] limitations." Tr. 486. Dr. Khan's opinion consisted of a three-sentence letter stating, in relevant part, that Plaintiff "suffers from back pain due to lumbar herniated disc and hyperlipidemia." Tr. 646. The opinion was accompanied by an "Application for Vehicle License Plates and/or Placards for Persons with a Disability," in which Dr. Khan certified that Plaintiff "[i]s severely and permanently limited in his ability to walk because of an . . . orthopedic condition." Tr. 647. Dr. Khan's opinion does not contain clinical or other medical findings. As it is well-established that "[a]n ALJ . . . may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided," <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999), the Court finds that the ALJ's evaluation of Dr. Khan's opinion was proper.

## IV. CONCLUSION

For the foregoing reasons, the determination of the Commissioner is vacated and remanded for further proceedings. An appropriate order follows.

Date: January 31, 2020                    **/s/ Madeline Cox Arleo**
                                          **Hon. Madeline Cox Arleo**
                                          **UNITED STATES DISTRICT JUDGE**